IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED by RGS D.C.

NOV 2 0 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

SUSAN LIESE AND JAMES LIESE

Plaintiffs,

v.

INDIAN RIVER COUNTY HOSPITAL DISTRICT
and INDIAN RIVER MEMORIAL HOSPITAL, INC.
d/b/a/ INDIAN RIVER MEDICAL CENTER,

Defendant.
_____/

CASE NO:

**09-14388**

CIV-GRAHAM

MAGISTRATE JUDGE
LYNCH

**COMPLAINT**

COME NOW the Plaintiffs, SUSAN LIESE and JAMES LIESE, by and through their undersigned counsel, and sue the Defendant, INDIAN RIVER COUNTY HOSPITAL DISTRICT and INDIAN RIVER MEMORIAL HOSPITAL, INC. d/b/a/ INDIAN RIVER MEDICAL CENTER, and for their causes of action, state the following:

**Jurisdictional Information**

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331, 1343, and 1367 for the Plaintiffs' claims arising under Title II of the Americans with Disabilities Act of 1990, § 42 U.S.C. § 12131; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and state law. In this action, Plaintiffs suffered injuries and now seek damages.

2.      SUSAN LIESE is profoundly deaf and communicates in American Sign Language and is therefore a qualified individual with a disability under the Rehabilitation Act and the Americans with Disabilities Act.

3. JAMES LIESE is SUSAN LIESE's husband and is also profoundly deaf and communicates in American Sign Language and is therefore a qualified individual with a disability under the Rehabilitation Act and the Americans with Disabilities Act.

4. Defendant, INDIAN RIVER COUNTY HOSPITAL DISTRICT, owns and operates a hospital located at 1000 36th St., Vero Beach, Florida. The Defendant is an independent special district under Chapter 189, Fla. Stat., and is considered a public entity under 42 U.S.C. § 12131.

5. Defendant, INDIAN RIVER MEMORIAL HOSPITAL, INC. d/b/a INDIAN RIVER MEDICAL CENTER, leases and operates a hospital located at 1000 36th St., Vero Beach, Florida.

6. Defendants, INDIAN RIVER COUNTY HOSPITAL DISTRICT and INDIAN RIVER MEMORIAL HOSPITAL, INC. d/b/a INDIAN RIVER MEDICAL CENTER jointly and severally have responsibility for operating the hospital. Hereinafter Defendants will be referred to as IRMC.

7. IRMC are recipients of federal financial assistance, and is therefore subject to the requirements of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because (a) the Defendant is in this judicial district, and (b) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred and are occurring within this judicial district.

9. On November 28, 2007, SUSAN LIESE presented at IRMC because she was feeling dizzy and had chest pains and she was concerned because she has a history of heart disease. Ms. Liese spoke to her doctor and he immediately referred her to IRMC.

10. At this time, IRMC is the closest hospital to her home, as it was approximately 15 miles from her home. The next closest hospital was over thirty miles away in Port St. Lucie.

11. SUSAN LIESE waited until her husband, JAMES LIESE came home, and they both went to IRMC at approximately 6:00 PM. When she arrived, SUSAN LIESE requested an interpreter. She was told to go into a room where they took blood.

12. SUSAN LIESE asked for an interpreter many times, as she was scared and could not understand the treatment that was given to her. Further, since JAMES LIESE is a better lip reader, JAMES LIESE attempted to interpret what the doctors and medical staff was stating but did not have an understanding of what was conveyed.

13. When SUSAN LIESE tried to text her daughter, who can hear, regarding the failure to have an interpreter, her daughter called the hospital to insist that an interpreter be provided.

14. No interpreter was ever provided, and no attempts were ever made to obtain an interpreter for SUSAN LIESE or her husband JAMES LIESE for the entire duration of her hospitalization, from November 28, 2007 to November 30, 2007.

15. As such, the medical staff of IMRC conducted tests and obtained a history without effectively communicating with Ms. Liese. The medical history of Ms. Liese is replete with inaccuracies, and the description of her symptoms was incorrect.

16. Ms. Liese was experiencing pain in her chest in the hospital, she did not have epigastric pain, the pain did not radiate into her back, and there was no change in the pain when she would sit. Further, she had no history whatsoever of digestive issues or problems.

17. As a result of testing done to SUSAN LIESE, the staff at IRMC admitted and decided to remove SUSAN LIESE's gall bladder.. Since SUSAN LIESE or her husband,

JAMES LIESE was denied an interpreter or any other effective forms of communication, there was no way in which to communicate the prognosis, diagnosis, consents or any material relevant to Ms. Liese's care and treatment to Ms. Liese or her husband.

18.  SUSAN LIESE or JAMES LIESE was never advised of what is cholecystis, whether she has had any gastric problems, the risks of the procedure, the options she would have, and other questions that any other non-hearing impaired person would be advised prior to deciding whether to undergo surgery.

19.  IRMC is fully aware of their responsibilities under the Americans with Disabilities Act and the Rehabilitation Act, and were fully aware that the failure to provide effective communications to the deaf would lead to the failure to obtained knowing and informed consent for any procedure.

20.  In order to receive Medicaid funding, IRMC was required to develop policies and procedures that ensured persons who are deaf or hard of hearing would receive adequate communication. Each and every time IRMC recertifies for Medicaid funding, it promises that it will provide and adhere to such policies.

21.  October 2003, the U.S. Department of Justice promulgated guidelines entitled "ADA Business Brief: Communicating with Persons who are Deaf or Hard of Hearing in Hospital Settings," which specifically prohibits the discriminatory actions set forth herein.

22.  In December 2006, the Florida Hospital Association distributed, and upon information and belief, FHA member, IRMC received, a book entitled, "Hospital Compliance with the ADA for the Deaf and Hard of Hearing, December 2006," which details the requirements for a qualified sign language interpreter for persons who are deaf and hard of hearing.

23. Despite prior knowledge of the rights of the deaf and hard of hearing, IRMC has been sued for similar discriminatory acts by Susan Fisher in December 2005. As a result of a settlement agreement between Ms. Fisher and IRMC in June of 2006, IRMC agreed to do the following:

   a) Provide training on the treatment of the hearing impaired;
   b) Maintain a list of Qualified Sign Language Interpreters in the Area;
   c) Purchase video conference equipment at a cost of $10,000.00 or less within six months of May 2, 2006.
   d) Inform Hearing Impaired patients of these services with the goal being effective communication between Indian River Memorial Hospital and Hearing Impaired Patients.

24. Upon information and belief, IRMC has not provided training on the treatment of the hearing impaired.

25. IRMC does not maintain a list of qualified sign language interpreters in the area, but instead relies on a staff member who is not qualified to interpret medical terminology.

26. IRMC purchased video conference equipment; however, it does not use the video conference equipment for the Plaintiffs or any other deaf or hard of hearing person.

27. IRMC does not inform hearing impaired persons of the services that are available for the deaf and hearing impaired, and did not inform Plaintiffs of the availability of these services.

28. If any of the four above solutions to effective communications would have been utilized, then MS. LIESE would have been able to provide an accurate history, had the choice to make an educated decision to decide whether to undergo surgery, or to wait until she may have other symptoms of cholecystitis.

29. Due to the lack of any auxiliary aids or services, IRMC never gave MS. LIESE the opportunity to give express informed consent for admission or any treatment.

30. Due to the failure to provide any auxiliary aids or services, IRMC never gave SUSAN LIESE or her husband, JAMES LIESE, information such as: the reason for admission or treatment; the proposed treatment; the purpose of the treatment to be provided; the common risks, benefits, and side effects thereof; the specific dosage range for medication, when applicable; alternative treatment modalities; the approximate length of care; the potential effects of stopping treatment; how treatment will be monitored; and that any consent given for treatment may be revoked.

31. At no time was SUSAN LIESE incompetent to consent to treatment, further, if she had known, or had the ability to inquire about the procedure. SUSAN LIESE would have chosen not to do the procedure at that time.

32. The discrimination against SUSAN and JAMES LIESE was intentional, with reckless disregard, and with deliberate indifference for their protected rights.

33. Plaintiffs have retained the services of the Law Offices of Matthew W. Dietz, P.L., and has agreed to pay them reasonable fees for their services.

## COUNT I – REHABILITATION ACT

34. Plaintiffs reallege and incorporate herein the allegations set forth in Paragraphs 1 through 33 above.

35. SUSAN AND JAMES LIESE are deaf; accordingly, they are qualified individuals with disabilities under the Rehabilitation Act.

36. IRMC is a recipient of federal financial assistance by virtue of receipt of Medicare and Medicaid payments, as well as other federal financial assistance.

37. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, requires that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to otherwise be discriminated against.

38. IRMC has discriminated against Plaintiffs by failing to provide auxiliary aids and services necessary to ensure effective communication with individuals who are deaf or hard of hearing, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

39. At all times material to this case, IRMC would have been able to communicate effectively with SUSAN AND JAMES LIESE if IRMC had provided qualified interpreter services.

40. IRMC's actions were intentional, with reckless disregard, and with deliberate indifference to the rights and needs of the Plaintiffs herein.

41. As a result of IRMC's actions, SUSAN AND JAMES LIESE have been damaged and have suffered injuries and experienced emotional suffering, pain, and anguish.

**WHEREFORE,** Plaintiffs SUSAN AND JAMES LIESE request that this Court enter judgment in her favor to declare that Defendant IRMC's actions and inactions violate the Rehabilitation Act of 1973, and award Plaintiffs damages for their injuries, emotional suffering, pain and anguish and reasonable attorneys' fees and costs.

### COUNT II - TITLE II OF THE AMERICANS WITH DISABILITIES ACT, 42 USC § 12131 et seq against INDIAN RIVER COUNTY HOSPITAL DISTRICT

42. Plaintiffs reallege and incorporate by reference the allegations of facts in paragraphs one through 33 above.

43. Plaintiffs' hearing loss substantially limits major life activities, including their ability to effectively communicate. Therefore, Plaintiffs are individuals with a disability under

Title II of the Americans with Disabilities Act. Plaintiffs meet the essential eligibility requirements for Indian River COUNTY HOSPITAL DISTRICT's services at all times material hereto. Thus, Plaintiffs are a qualified individuals with a disability and are entitled to the protections of the Americans with Disabilities Act under 42 USC § 12131, et seq.

44. Defendant INDIAN RIVER COUNTY HOSPITAL DISTRICT violated Title II of the Americans with Disabilities Act in numerous ways, including discriminatory actions which occurred when they:

(a) Failed to maintain policies and procedures to ensure compliance with Title II of the Americans with Disabilities Act, specifically policies that provide equal access and effective communication to individuals with disabilities;

(b) Maintain contractual or other arrangements with doctors on staff that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability; and that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the hospital's program with respect to individuals with disabilities;

(c) Failed to ensure that communications with Plaintiffs were as effective as communications with non-disabled patients;

(c) Failed to provide auxiliary aids and services, including a qualified interpreter, and to modify policies and procedures to prevent discrimination against Plaintiffs;

(d) Failed to establish effective self-evaluations and/or provide notice of Plaintiffs' rights as individuals with a disability under the Americans with Disabilities Act;

45. Plaintiffs suffered non-economic damages, and continue to suffer emotional distress and damages due to INDIAN RIVER COUNTY HOSPITAL DISTRICT's violations of Title II of the Americans with Disabilities Act.

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against the Defendant, INDIAN RIVER COUNTY HOSPITAL DISTRICT, including entering a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's practices, policies and procedures have subjected Plaintiffs to discrimination in violation of Title II of the Americans with Disabilities Act permanently enjoining the Defendant INDIAN RIVER COUNTY HOSPITAL DISTRICT from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services or which deny Plaintiffs effective communication with the Defendant. This includes entering a permanent injunction ordering the Defendant, INDIAN RIVER COUNTY HOSPITAL DISTRICT:

a. To cease discrimination against Plaintiffs and other deaf or hard of hearing patients;

b. To promulgate and comply with policies and procedures to ensure that the Defendant and its staff do not discriminate against individuals who are deaf and hard of hearing;

c. To promulgate and comply with procedures to ensure that the Defendant will provide and pay for interpreter services when needed by individuals who are deaf or hard of hearing in all services offered by the Defendant;

d. To promulgate and comply with procedures to ensure that the Defendant will notify individuals who are deaf or hard of hearing of their right to effective communication. This notification will include posting explicit and clearly

worded notices that state that the Defendant will provide sign language interpreters, TTYs and/or other communication services to ensure effective communication with deaf or hard of hearing persons.

e. Compensatory damages,

f. Award reasonable costs and attorneys' fees; and

g. Award any and all other relief that may be necessary and appropriate.

### COUNT III –WANT OF CONSENT/LACK OF INFORMED CONSENT

46. SUSAN LIESE realleges and incorporates herein the allegations set forth in Paragraphs 1 through 33 above.

47. There is a legal duty to advise the patient of the treatment and procedures that a hospital is going to undertake in such patient's care and treatment, and allow the patient to be part of the treatment and have the ability to make informed choices regarding ones medical care and treatment plan.

48. As the recipient of federal funding and a public accommodation, Palmetto has the legal duty to provide auxiliary aids and services when necessary to ensure effective communication with individuals who are deaf or hard of hearing, and is liable for its independent torts that are the results of their discriminatory acts.

49. IRMC had knowledge of SUSAN LIESE's disability and her needs, however and notwithstanding that knowledge, IRMC failed to obtain a qualified interpreter and failed to advise LIESE of the suggested procedure and the risks of the procedure.

50. Every human being of adult years and sound mind has a right to determine what shall be done with his own body; and a hospital who permits treatment without his patient's consent commits an assault, for which it is liable in damages.

51. IRMC had a non-delegable duty to provide qualified interpreter services or other auxiliary aids and services necessary to ensure effective communication with SUSAN LIESE so she could be afforded an equal opportunity to participate in her medical and psychological care and treatment, and be given choices, as would any person with hearing.

52. As a result of the complete want of consent, SUSAN LIESE was deprived of her liberty, and had her gall bladder removed, and suffered damages thereby.

**WHEREFORE**, Plaintiff SUSAN LIESE demands a judgment against the Defendants for compensatory damages, extreme emotional distress, damages for physical discomfort and inconvenience, mental suffering, humiliation, loss of enjoyment of life, punitive damages, interest, and such further relief as this Court deems just and equitable.

### COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

53. SUSAN LIESE realleges and incorporates herein the allegations set forth in Paragraphs 1 through 33 above.

54. IRMC had a duty in law to ensure effective communication with persons who are deaf or hard of hearing.

55. IRMC breach said duty by knowingly failing to interpret or give any explanation for medical procedures using effective communication;

56. As a result of IRMC's breach of duty, SUSAN LIESE was treated and had her gall bladder removed without her consent.

57. As a result of this breach of duty, and this subsequent impact, SUSAN LIESE suffered grievous mental distress.

**WHEREFORE**, Plaintiff SUSAN LIESE demands a judgment against the Defendant for compensatory damages, extreme emotional distress, damages for physical discomfort and

inconvenience, mental suffering, humiliation, loss of enjoyment of life, punitive damages, interest, attorney's fees, and such further relief as this Court deems just and equitable.

THE PLAINTIFFS DEMAND A JURY TRIAL FOR ALL ISSUES TRIABLE BY JURY.

Dated this 19th day of November, 2009.

          Respectfully submitted,

          Law Offices of Matthew W. Dietz, P.L.
          2990 Southwest 35th Avenue
          Miami, Florida 33133
          Tel: (305) 669-2822
          Fax: (305) 442-4181

          _____
          MATTHEW W. DIETZ, ESQ.
          Florida Bar No. 0084905

# CIVIL COVER SHEET

JS 44 (Rev. 2/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**09-14388**

## I. (a) PLAINTIFFS
SUSAN LIESE and JAMES LIESE

**DEFENDANTS**
INDIAN RIVER COUNTY HOSPITAL DISTRICT and INDIAN RIVER MEMORIAL HOSPITAL, INC.

(b) County of Residence of First Listed Plaintiff: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Indian River
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Matthew W. Dietz, Esq., Law Offices of Matthew W. Dietz, P.L., 2990 Southwest 35th Avenue, Miami, Florida 33133, T: (305) 669-2822

Attorneys (If Known)

FILED by RES D.C.
NOV 2 0 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

CIV-GRAHAM
MAGISTRATE JUDGE
LYNCH

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☑ 446 Amer. w/Disabilities Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☐ NO
JUDGE                               DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
42 U.S.C. § 12131 et seq, 29 U.S.C. § 794. Discrimination due to disability, and state tort claims

LENGTH OF TRIAL via __5__ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 11-20-09

FOR OFFICE USE ONLY
AMOUNT $350    RECEIPT # 10122 IFP
11/20/09