UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 09-14388-CIV-GRAHAM/LYNCH

SUSAN LIESE and JAMES LIESE,

    Plaintiffs,

vs.

INDIAN RIVER MEMORIAL HOSPITAL, INC.

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiffs' Daubert Motion to Strike Defendant's Expert Witness Testimony and Report of Robert L. Lessne [D.E. 64]; Motion in Limine Regarding Plaintiff's Understanding [D.E. 92] and Motion in Limine to Exclude Evidence of Susan Fisher Suit and Settlement [D.E. 96].

**THE COURT** has considered the Motions, the pertinent portions of the record, and is otherwise fully advised in the premises.

## BACKGROUND

Plaintiff Susan Liese is completely deaf in her right ear and has severe hearing loss in her left ear and communicates primarily in American Sign Language ("ASL"). On November 28, 2007, Susan Liese, accompanied by her husband James Liese, went to Defendant Indian River Memorial Hospital ("Defendant") complaining of chest pain and dizziness. Upon arrival, Susan Liese requested a sign

language interpreter. Following her admission and subsequent examination, her treating physician, Dr. Theodore Perry ("Dr. Perry") informed her that she needed gallbladder surgery. Although she allegedly requested a sign language interpreter several times throughout her stay at the hospital, the hospital did not provide one. Rather, Dr. Perry explained the procedure via speaking and writing notes to Mrs. Liese. Mrs. Liese signed the consent form for the surgery and Dr. Perry performed the operation without incident.

Mrs. Liese now complains that she did not understand the procedure and was not able to make an informed decision as to whether to have the surgery and/or whether she could have waited to have the procedure.

Plaintiffs only remaining claim is for discrimination pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. §794 ("Section 504"), for purportedly failing to provide auxiliary aids and services necessary to ensure effective communication with individuals who are deaf or hard of hearing. Plaintiff now seeks to exclude Defendant's Expert Witness testimony and to exclude any evidence regarding Plaintiff's understanding. Defendant also moves to exclude evidence regarding a prior settlement it entered into with another hearing impaired plaintiff.

**DISCUSSION**

I.  **Defendant's Expert**

Plaintiffs move to strike Defendant's Expert, Robert L. Lessne, arguing he is not qualified to testify competently on the matters he intends to address; 2) his opinions are not reliable and relevant and 3) his opinions will mislead the trier of fact.

The Court finds that under Federal Rule of Evidence 702, Dr. Lessne is not qualified to provide expert testimony in this case. Although is resume is impressive, he has no specialized knowledge, training or experience relating to the facts and circumstances of this case, namely a hospital's compliance with the Rehabilitation Act when dealing with a hearing impaired individual. Without specialized knowledge in these areas, the Court finds it would be improper to qualify him as an expert.

In addition, the Court finds that his proffered opinion is not reliable because he failed to interview the Plaintiff and the other individuals involved in this lawsuit. For example, the Court finds Dr. Lessne's conclusion that Ms. Liese has an average IQ simply on his review of her prior occupations is unreliable. Without ascertaining exactly Ms. Liese's job requirements and whether her employer provided any particular accommodations it would impossible to determine her IQ. Accordingly, the Court finds Dr. Lessne's report unreliable and therefore inadmissible. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

## II. Plaintiff's Understanding

Plaintiffs move to exclude evidence regarding how Mrs. Liese communicated with doctors or people outside the Hospital and to exclude the Hospital's medical staff from opining on whether they thought Mrs. Liese understood them.  The Court finds Plaintiffs' request is without merit.

This entire case is based on what Mrs. Liese understood.  If she understood the doctors and medical staff at the hospital using the auxiliary aids provided (hand written notes and forms), then she has no claim.  Indeed, she has no damages.  If, on the other hand, she did not truly understand because the auxiliary aids provided were not sufficient, then she might have a claim for damages if the Defendant was deliberately indifferent to her disability.  Accordingly, her level of understanding in other scenarios is highly relevant.  While Plaintiffs will be able to argue that the emergency room was a more stressful situation than a regular doctor's visit, that is not reason to exclude the relevant evidence altogether.  In addition, the staff at the hospital should be able to testify as to their understanding of the Plaintiff's comprehension of what they were doing.  They are eye witnesses to the event and have relevant information to share.  Accordingly Plaintiff's motion must be denied.

### III. Settlement

Defendant asks the Court to exclude evidence of the Susan Fisher suit and settlement. In 2005, the Defendant entered into a settlement with Susan Fisher, also hearing impaired, regarding Defendant's policies and procedures with respect to hearing impaired patients.

Federal Rule of Evidence 408 prohibits the admission of a compromise or settlement "when offered to prove liability for" a claim. The Court finds that Plaintiff cannot use the settlement under Federal Rule of Evidence 408 because it would be used to prove Defendant's liability under the Rehabilitation Act.

To obtain compensatory damages under the Rehabilitation Act, Plaintiff must also establish intentional discrimination. Saltzman v. Board of Commissioners of the North Broward Hospital Dist., 239 Fed.Appx. 484, 487 (11th Cir. 2007)("In this Circuit, compensatory damages are recoverable only upon a showing of intentional discrimination.") In its order on Defendant's motion for summary judgment, this Court adopted the deliberate indifference standard to evaluate whether Defendant intentionally discriminated against Plaintiff. "For conduct to be deliberately indifferent, there must be both knowledge of likely harm and failure to act on the part of a policymaker, that is, someone capable of making an 'official decision' on behalf of the organization." Saltzman v. Board of Commissioners of the North Broward Hospital Dist., 2007 WL 1732893

(11th Cir. 2007). Accordingly, Plaintiff cannot use the settlement to show that the Defendant had knowledge of the likely harm. Accordingly, the Motion in limine will be granted.

However, if the Defendant, at trial, attempt to establish that it has never had any prior issues with hearing impaired patients and their accommodations under the Rehabilitation Act, then the evidence might be admissible to prove otherwise.

### CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Daubert Motion to Strike Defendant's Expert Witness Testimony and Report of Robert L. Lessne [D.E. 64] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that Motion in Limine Regarding Plaintiff's Understanding [D.E. 92] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that Motion in Limine to Exclude Evidence of Susan Fisher Suit and Settlement [D.E. 96] is **GRANTED** as detailed in this order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of November, 2010.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record