IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SUSAN LIESE and JAMES LIESE            CASE NO: 09-14388-CIV-GRAHAM/Lynch

Plaintiffs,

   v.

INDIAN RIVER MEMORIAL HOSPITAL, INC.
d/b/a/ INDIAN RIVER MEDICAL CENTER

Defendant.
_____/

## PLAINTIFFS' PROPOSED DISPUTED INSTRUCTIONS TO THE JURY

COMES NOW, the Plaintiffs, SUSAN LIESE and JAMES LIESE (hereinafter "LIESE"), by and through her undersigned counsel, and files the following proposed disputed jury instructions:

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2010, I electronically filed the foregoing document with the Clerk of the Court by using the CM/EF system. I also certify that the foregoing document is being served this day on Lewis W Murphy, Jr., Esq., Murphy & Walker, 2001 U.S. Highway 1, Vero Beach, FL 32960 either via transmissions of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

Respectfully submitted,

LAW OFFICES OF MATTHEW W. DIETZ, P.L.
2990 Southwest 35th Avenue
Miami, Florida 33133
Phone (305) 669-2822
Facsimile (305) 442-4181
E-Mail: Matthewdietz@usdisabilitylaw.com

By: s/ Matthew W. Dietz
    MATTHEW W. DIETZ, ESQUIRE
    FL. BAR NO.: 0084905

**Plaintiff's Proposed Preliminary Instruction #1**

**REGARDING THE USE OF AMERICAN SIGN LANGUAGE INTERPRETERS**

1. American Sign language is not a manual "shorthand" for English. American Sign Language (ASL) is a separate and distinct language from English, with its own grammar and vocabulary.

2. Questions posed by the attorneys to a Deaf witness will be interpreted into the grammar and vocabulary of American Sign Language. This may require the interpreter to break the question down into more than one component parts in order to fit the grammatical structure of ASL. What may appear as a parlay between the witness and the interpreter is actually part of the interpreting process and should not be misconstrued as a conversation between the Deaf witness and the interpreter. The parts will then be reconstructed by the interpreters into a single English response.

3. The English words that the jury hears in response to the attorneys' questions are interpretations of what Susan or James Liese or the other deaf witness said in American Sign Language, and do not reflect the witness' knowledge of the English words used by the interpreter.

4. The natural grammatical structure of ASL requires specific facial expressions head nods, pointing and body movements, therefore, the jury should ignore the

interpreters' expressions and not misconstrue those expressions to be anything other than a necessary component of the language.

5. Upon occasion the attorneys may object to interpretations provided in this case. Just as a person who speaks in English has individual traits to their speaking style so too does a Deaf person who uses ASL to communicate. Occasionally style of signing, sign choice and movement may provide different interpretations to a witnesses' signed statement. The jury should wait for further instructions from the court as to result of those objections.

6. The sign language interpreters used during this trial were provided by the Court. The interpreters used in this Court do not work for or represent either the Plaintiffs or the Defendants.

Authority: National Association of the Deaf –Registry of Interpreters for the Deaf  NAD-RID)Code of Professional Conduct, Model Code of   Professional Responsibility for Interpreters in the Judiciary.

**Given**            _____

**Given as Modified** _____

**Denied** _____

**Withdrawn** _____

## **Plaintiff's Proposed Instruction #___: Nature of the Case**

In this case, the Plaintiffs, Susan Liese and James Liese, claims that Defendant, Indian River Medical Center, violated their rights under a law called the Rehabilitation Act of 1973.  Susan Liese claims that the Defendant discriminated against her by intentionally denying her effective communication so she could understand her treatment and direct her medical care during her hospitalization and treatment at Indian River Medical Center on November 28, 2007 through November 30, 2007.  James Liese claims that, as a companion of his wife, he also had the right to understand his wife's treatment to assist her in directing her medical care.

Defendant denies that it discriminated against Susan and James Liese. Defendant denies that it violated the Rehabilitation Act in any way and asserts that it provided them with effective means of communication during Susan Liese's medical treatment through the use of various auxiliary aids by the staff and doctors who treated Susan Lies.  These aids included lip reading, short notes and pointing out body parts.

**Given**         _____
**Given as Modified** _____
**Denied** _____
*Withdrawn*  _____

**<u>Plaintiffs' Proposed Instruction # \_\_\_ :  Rehabilitation Act</u>**

In this case, the parties do not dispute that Defendant is subject to the requirements of the Rehabilitation Act, or that Plaintiffs are qualified individuals with a disability.  However, in order to prevail on these claims, the Plaintiffs must prove each of the following factors by a preponderance of the evidence:

First:  That the Plaintiffs were either excluded from participation in or denied the benefits of the hospital's services, programs, or activities, or was otherwise discriminated against by the hospital

Second: The exclusion, denial of benefit, or discrimination was by reason of the Plaintiffs' disability.

Third:  That Defendants' discrimination was intentional.

Fourth:  That Plaintiffs suffered damages as a result of the Defendants' discrimination.

**Given** _____

**Given as Modified**_____
**Denied** _____
**Withdrawn** _____

Authority: Order on Summary Judgment D.E. 88.

## **Plaintiffs' Proposed Instruction #____: Definition of Discrimination**

The first factor that Plaintiffs have the preponderance of the evidence to establish is that they was discriminated against because of their disability in the provision of services by the Defendant. Plaintiffs' claims that Defendant failed to provide effective communication to the Plaintiff.

In determining the first element, discrimination is when a hospital fails to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

The law requires that Defendant take appropriate steps to ensure that communications with hearing impaired patients or their hearing impaired companions are as effective as communications with non-hearing impaired patients or companions. The method of communication used by the individual and the nature, length, and complexity of the communication involved are factors to be considered by the hospital in determining what type of auxiliary aid or service is necessary.

"Auxiliary aids" may include any of the following: notetakers, computer aided transcription services, written materials, telephone handset amplifiers, assistive listening devices, telephones compatible with hearing aids, closed caption

decoders, open and closed captioning, telecommunications devices for deaf persons (TDD's), videotext displays, sign language interpreters or other effective methods of making aurally delivered materials available to individuals with hearing impairments.

One of these steps would be to provide hearing impaired patients with "auxiliary aids" if these aids are necessary to afford them an equal opportunity to benefit from Defendant's medical service.  For example, an individual with a disability who is deaf or hard of hearing may need a qualified interpreter to discuss with hospital personnel a diagnosis, procedures, tests, treatment options, surgery, or prescribed medication (*e.g.*, dosage, side effects, drug interactions, etc.).  In comparison, an individual who is deaf or hard of hearing who purchases an item in the hospital gift shop may only need an exchange of written notes to achieve effective communication.

A hospital should consult with the individual with a disability, wherever possible, to determine what auxiliary aid or service would provide effective communication.  An individual with a disability is not required to bring another individual to interpret for him or her, instead, it is the hospital's responsibility to provide an interpreter to ensure that the communication is as effective as its communications with others.  It is not appropriate to require the person with a disability to bring another individual to provide such services or, when an

accompanying individual is present, to expect that individual to provide such services.

In determining whether Plaintiffs have satisfied the first element – that is whether Defendant discriminated against them solely by reason of their disability – if you find by a preponderance of the evidence that the alleged discrimination was motivated in part by a lawful factor other than their disability, then there would be no violation of section 504 of the Rehabilitation Act of 1973 and you must return a verdict in favor of Defendant.

If you find by a preponderance of the evidence that the Plaintiff, Susan Liese or Plaintiff James Liese, was discriminated by the denial of effective communication or receipt of unequal services, then you must find that Defendants discriminated against the Plaintiffs.

Authorities: Order on Summary Judgment, D.E. #88; 75 F.R. 56224 (2010); 73 F.R. 34528-29 (2008); 42 U.S.C. § 12182(b)(2)(A)(iii); 29 U.S.C. § 794(a); 28 C.F.R.§ 36.303(c); 42 C.F.R. § 84.52; 42 C.F.R. § 84.4; http://www.ada.gov/hospcombrscr.pdf;  see guidance to 28 C.F.R. 36.303, at 28 C.F.R. App. B. p.607-610, and in published technical assistance, see Department of Justice Technical Assistance Manual, § 4.300, www.ada.gov/taman3.html;Majocha v. Turner, 166 F.Supp. 2d 316, 321-323 (W.D. Pa. 2001); with Proctor v. Prince George's Hosp. Ctr., 32 F. Supp. 2d 820, 829 (D.Md. 1998); Boyer v. Tift Cty. Hosp. Auth., 2008 U.S. Dist LEXIS 59700, *13-14 (M.D. Ga 2008); HEALTH CARE AND THE AMERICANS WITH DISABILITIES ACT: ACCESS TO HEALTH CARE FOR INDIVIDUALS WITH HEARING IMPAIRMENTS, 37 Hous. L. Rev 1101 (2000); See Elizabeth Ellen Chilton, Note, Ensuring Effective Communication: The Duty of Health Care Providers to Supply Sign Language Interpreters for Deaf Patients, 47 Hastings C.J. 871, 882-883 (1996)


**Given**          _____

**Given as Modified** _____

**Denied** _____

**Withdrawn** _____

## **Plaintiff's Proposed Instruction # 11: Intentional Discrimination**

In order for intentional discrimination to be found, you can, but do not need to find that the Defendants did not care for or harbored any particular dislike for persons with disabilities, such as Susan Liese or James Liese.  Rather, that the Plaintiffs need only show that the Defendant knew of the likely harm of the failure to provide a deaf person with effective communication and  someone with authority to take corrective action had notice of the Plaintiffs' disability and had an opportunity to accommodate their special needs, and did not do so.

If you determine by a preponderance of the evidence that Defendant knew of the likely harm, and that someone with authority to take corrective action had notice of Plaintiffs' disability and had an opportunity to accommodate her special needs, and did not do so, then you must find that Defendants intentionally discriminated against the Plaintiffs.

If you find that Defendant did not intentionally discriminate against the Plaintiffs, then you must not award Plaintiff any damages for violation of the law.

Authorities: Order on Summary Judgment, D.E. #88. Boyer v. Tift Cty. Hosp. Auth., 2008 U.S. Dist LEXIS 59700, *16-17 (M.D. Ga 2008); Ortega v. Bibb Cty School Dist., 431 F.Supp. 2d 1296, 1302 (M.D. Ga. 2006); Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173 , 1191, 1193 (11th Cir. 2007); Salinas v. City of New Braunfels, 2008 U.S. Dist. LEXIS 20008 (W.D. Tx 2008); Saltzman v. North Broward Hospital District, Case No.: 03-62133, (Order granting/denying summary judgment)

**Given**        _____
**Given as Modified** _____
**Denied** _____
**Withdrawn** _____