IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 09-14388-CIV-GRAHAM/Lynch

SUSAN LIESE and JAMES LIESE


Plaintiffs,

  v.

INDIAN RIVER MEMORIAL HOSPITAL, INC.
d/b/a/ INDIAN RIVER MEDICAL CENTER

Defendant.
_____/


### PLAINTIFFS' OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS

COME NOW, Plaintiffs, SUSAN LIESE and JAMES LIESE by and through their

undersigned counsel and submit their objections to Defendant's proposed disputed jury

instructions [D.E. #105] as follows:

### 1.    ROLE OF THE INTERPRETER

Plaintiffs object to Defendant's Jury Instruction regarding the role of the

interpreter.  The Plaintiffs object to this jury instruction as Sign Language interpreters are

not identical to foreign language interpreters, for the reasons as expressed in footnote 1 in

this Court's Order on Summary Judgment, D.E. 88, p.2.  There is no word-for-word

translation in ASL, and the interpreters must listen to an entire sentence and translate it

into the appropriate visual signs.  Further, for more complicated terminology, such

terminology must be further broken down into the meaning of the word.  In addition,

body movement and expression is part of ASL, and it would mislead a jury if the jury

was to place any more or less emphasis on the sign and the accompanying body

movement than if the word was stated in a monotone in a spoken language.  The jury should be made aware of such differences and not take such differences into account when deciding the credibility of such witnesses.

### 2. PLAINTIFFS' CLAIMS UNDER THE REHABILITATION ACT OF 1973

Plaintiffs object to Defendant's Jury Instruction regarding Plaintiffs' claim under the Rehabilitation Act of 1973.   The instruction negates the Plaintiffs' requested accommodation, and makes an incorrect statement of law.  "[t]he law applicable to this case does not require Defendant to provide an American Sign Language Interpreter to Plaintiffs."  In the summary judgment Order, the Court states "Although Defendant is correct in its assertion that *it is not always* necessary to provide a sign language interpreter…."  D.E. 88, p. 7.  The Plaintiffs would argue that, in this circumstance, it is necessary as a matter of law to provide Ms. Liese a sign language interpreter at a hospital for an invasive operation due to the Lieses' education, English understanding and experience.   Further, guidance by the Department of Justice further rejects the Defendant's assertion in a hospital setting.  See 75 F.R. 56224 (2010); See  Business BRIEF: Communicating with People Who Are Deaf or Hard of Hearing in Hospital Settings (2003), available at http://www.ada.gov/hospcombr.htm.   As such, the defendants are making an incorrect statement of law, especially as applied to the facts in this case.

### 3. DAMAGES

Plaintiffs object to Defendant's Jury Instruction regarding damages.  "(2) someone with authority to make an official decision on behalf of Defendant failed to act upon the

likelihood of harm." This standard is very difficult to understand, as "official decision" is ambiguous and undefined. All that is required under this standard is that a person who has authority to take corrective action had notice of the Plaintiffs' condition and an opportunity to accommodate their special needs. Boyer v. Tift County Hosp. Auth., 2008 U.S. Dist LEXIS 59700, *16; Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 275-276 (2nd Cir. 2009); Delano-Pyle v. Victoria County, 302 F.3d 567 (5th Cir. 2002); Salinas v. City of New Braunfels, 557 F. Supp. 2d 777, 788 (W.D.Tx 2008). The Plaintiffs object to the second part of the same paragraph to the following sentences:

> In order to meet the first element of the deliberate indifference test, Plaintiffs must have alerted Defendant to their need for auxiliary aids to afford them with an equal opportunity to benefit from the service provided by Defendant. In order to meet the second element of the deliberate indifference test, a failure to act by Defendant must be a result of conduct that is more than negligent, and involves an element of deliberateness. If you find that Defendant made a good-faith attempt to provide Plaintiffs with effective communication, even if Defendant was not successful, this does not mean that Defendant intentionally discriminated against Plaintiffs and you may not award compensatory damages to Plaintiffs.

This is incorrect as a matter of law, and adds in new and undefined concepts. Primarily, there is no requirement in law that the Plaintiffs to have alerted Defendants to their need, especially where the Defendant had notice of the language barrier. The question is whether the Defendants knew that a "harm to Plaintiffs' federally protected right was substantially likely" It is a question of fact as to whether by the fact that a person who is obviously deaf that walks into a hospital would have alerted the hospital that harm to this patient's rights would be likely if an interpreter would not be obtained. On the other hand, if it were not obvious, then a request would be required.

Further, "negligence", "good faith" and "deliberateness" are legal terms of art not defined in the instructions, and are subject to wide interpretations that would nullify the instruction as a whole.  Factually, there were no attempts to provide the Lieses with MARTTI or a sign language interpreter, and as such, Saltzman v. Bd. of Comm'rs of N. Broward Hosp. Dist., 239 Fed. Appx. 484, 487 (11th Cir. 2007), would be inapplicable. The good faith attempt and gross negligence in Saltzman involved a hospital who made a grossly negligent attempt in obtaining the correct auxiliary service, an ASL interpreter, to the Saltzmans.  The point argued by the defendants is broader, the defendants are attempting to state that a good faith, but mistaken belief of an incorrect accommodation (i.e. gesturing and drawing pictures) would absolve them of liability.  This is incorrect, and would never result in liability for any case other than those involving deliberate animus.  If the defendant believed that a lesser accommodation would be effective, such "good faith efforts" do not absolve liability.  See  Proctor v. Prince George's Hosp. Ctr., 32 F.Supp. 2d 820, 829 (D.Md. 1998)("it is not enough merely to believe that one's actions do not constitute a violation of the law if such a belief represents a 'miscalculation.").

**4.      DAMAGES WITH DISCRIMINATORY ANIMUS STANDARD**

Plaintiffs' object to Defendant's Jury Instruction regarding damages with discriminatory animus standard.  This standard was rejected by the Court in the Summary Judgment Order.  D.E. #88, and Plaintiffs incorporate all argument cited therein.

Respectfully submitted on this 29th  day of November, 2010.

LIESE v. INDIAN RIVER
Case No.: 09-14388-CIV-Graham/Lynch
Page 5 of 6

## CERTIFICATE OF SERVICE

I hereby certify that on November 29th, 2010, I electronically filed the foregoing document with the Clerk of the Court by using the CM/EF system. I also certify that the foregoing document is being served this day to counsel on attached service sheet either via transmissions of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

LAW OFFICES OF MATTHEW W. DIETZ, P.L.
2990 Southwest 35th Avenue
Miami, Florida 33133
Phone (305) 669-2822
Facsimile (305) 442-4181
E-Mail: Matthewdietz@usdisabilitylaw.com

By: s/ Matthew W. Dietz
    MATTHEW W. DIETZ, ESQ.
    Florida Bar No. 0084905

LIESE v. INDIAN RIVER
Case No.: 09-14388-CIV-Graham/Lynch
Page 6 of 6

## SERVICE LIST

Matthew P. McLauchlin
Volpe, Bajalia, et al.
501 Riverside Avenue
7th Floor
Jacksonville, Florida 32202

Brian Russell
Mancuso & Dias, P.A.
11380 Prosperity Farms Road
Suite 209
Palm Beach, Florida 33410

Lewis W. Murphy
Murphy & Walker
2001 U.S. Highway 1
Vero Beach, Florida 32960

Susan Eisenberg
AKERMAN SENTERFITT
One Southeast Third Avenue
25th Floor
Miami, Florida 33131